07,617-01,02,03

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 18 2015

Abel Acosta. Clerk

December 14, 2015

ABEL ACOSTA, Clerk
COURT OF CRIMINAL APPEALS
P.O. Box 12308, Capitol Station
Austin, Texas 78711

Re: MARES, ANTHONY
CCA No. WR-67,617-01; -02 and -03
Trial Court Case No. 24573-A; -B and -C

Dear Mr. Abel Acosta,

I want to thank you for the help and information you provided for me on May 11, 2015. I come to you now out of desperation.

I am an indigent layman with very limited knowledge of legal matters. And I have a limited amount of possible law library time.

I am unable to find a means of suitable relief for my situation.

I was convicted of Aggravated Robbery. The state withheld favorable evidence and this court

- 1 -

reverse and remanded back to the trial court for resentencing. I've enclosed a copy of the mandate as well as the "OPINION" Section of this courts' findings that led to the mandate. I have underlined the parts in question.

The trial court did not adhere to the opinion or the mandate in it's entirety. They did not permit the previously with held information to be considered by the jury. I submitted my full argument with case law to support in CCA no. WR-67,617-C. And it was denied.

Are there any avenues of relief available to me at this point?

Your time and attention is greatly appreciated on this matter.

Sincerely,

ANTHONY MARES #880296
Ferguson Unit
12120 Savage Dr,
Midway Tx. 75852

- 2-



# TEXAS COURT OF CRIMINAL APPEALS
## Austin, Texas

# M A N D A T E

THE STATE OF TEXAS,

TO THE 3RD DISTRICT COURT OF ANDERSON COUNTY — GREETINGS:

Before our **COURT OF CRIMINAL APPEALS**, on **MAY 19, 2010**, the cause upon an Application for Writ of Habeas Corpus styled:

### EX PARTE ANTHONY MARES

CCRA No. **AP-76,219**

Tr. Crt. No. **24573-B**

was determined; and therein our said **COURT OF CRIMINAL APPEALS** made its order in these words:

"This cause came on to be heard on the Application for Writ of Habeas Corpus, and the same being considered, it is **ORDERED, ADJUDGED AND DECREED** that HABEAS CORPUS RELIEF IS GRANTED, in accordance with the Opinion of this Court, and that this Decision be certified below for Observance."

**WHEREFORE,** We command you to observe the order of our said **COURT OF CRIMINAL APPEALS** in this behalf and in all things have it duly recognized, obeyed and executed.

WITNESS, **THE HONORABLE SHARON KELLER**, Presiding Judge

of our said **COURT OF CRIMINAL APPEALS,**

with the Seal thereof annexed, at the City of Austin,

on this day **June 14, 2010.**

LOUISE PEARSON, Clerk

_____, Chief Deputy Clerk

Abel Acosta

COPY

The withheld evidence does not exonerate applicant of his participation in the robbery, but had the state timely disclosed Yao's statements, as required by *Brady*, the statements could have been used by the defense to persuade the jury that applicant was not the shooter. In light of all the evidence, including the highly favorable disposition of Whitlock's charges, the absence of the withheld evidence undermines confidence in the jury's determination of punishment. Because criminal trials are bifurcated, we may grant relief by ordering either a new trial or a new hearing on punishment only. *Ex parte Hill*, 528 S.W.2d 125, 127 (Tex. Crim. App. 1975). We grant applicant relief in part and remand the case to the trial court for a new punishment hearing.

Delivered: May 19, 2010
Do not publish